IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-CV-497 |
| | ) | |
| HASSIE DEMOND NOWLIN, also known as Demond Nowlin, Hassie Demond Knowlin, Demond Knowlin, and Brilliant Knowlin, MARVIN L. FLYTHE, KRISTYN D. BAILEY, THE 1416 VINE TRUST, and THE AMERIDREAM TEAM 1, LLC, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on motions by the plaintiff United States of America for default judgment against defendants Marvin L. Flythe, The 1416 Vine Trust, and The Ameridream Team 1, LLC, and for summary judgment against defendants Hassie Demond Nowlin and Kristyn D. Bailey. The record shows that Mr. Flythe, Vine Trust, and Ameridream have failed to appear and contest the allegations after being duly served and that there are no genuine disputes of material fact as to Mr. Nowlin and Ms. Bailey. The motions will be granted.

Mr. Nowlin and Mr. Flythe owe money to the United States from restitution judgments entered in criminal cases in which each pled guilty. Mr. Nowlin pled guilty to obstructing and impeding the due administration of the internal revenue laws by engaging in a tax fraud scheme from 2008 to 2017, as well as to aiding and assisting in the

preparation of false tax returns and committing bankruptcy fraud. *See* Plea Agreement and Factual Basis, *United States v. Nowlin*, No. 1:17-CR-251, Doc. 11 at ¶¶ 2–3 (M.D.N.C. Aug. 8, 2017), Doc. 10 at ¶¶ 6–24 (Aug. 3, 2017), Minute Entry 08/15/2017. He was ordered to pay $188,001.89 in restitution. Judgment, *Nowlin*, No. 1:17-CR-251, Doc. 20 at 6 (Dec. 4, 2017). Mr. Flythe pled guilty to aiding and assisting in the preparation and presentation of false tax returns. *See* Plea Agreement, *United States v. Flythe*, 1:16-CR-218-1, Doc. 2 at ¶¶ 1–2 (M.D.N.C. July 22, 2016), Minute Entry 08/03/2016. He was ordered to pay $105,128.04 in restitution. *See* Judgment, *Flythe,* No. 1:16-CR-218, Doc. 16 at 6 (Dec. 7, 2016).

In the complaint, the Government alleges that Mr. Nowlin and Mr. Flythe fraudulently transferred property to illegitimate shell entities by executing a series of deeds to prevent the United States from collecting moneys owed, and that these transfers have prevented the Government from collecting the restitution judgments entered against them. *See* Doc. 1 at ¶¶ 7–8, 30–31, 43. The Government has presented evidence that Mr. Nowlin and Mr. Flythe acquired property located at the street address of 701 S. O'Henry Blvd., Greensboro, NC, 27401, by special warranty deed dated July 2, 2012, Doc. 1-7, and recorded on July 17, 2012, in Book R7370, Pages 1314–1315. Doc. 20-2 at ¶ 7.

Thereafter, Mr. Nowlin and Mr. Flythe transferred the property to the following parties on the following dates without any consideration and with the actual intent to hinder, delay, or defraud a creditor, specifically the United States: (*i*) to The Ameridream Team 1, LLC, by special warranty deed signed September 10, 2012, Doc. 1-6, and recorded September 12, 2012, in Book R7390, Pages 2943–2944, Doc. 20-2 at ¶ 8; (*ii*)

from The Ameridream Team 1, LLC, to 1416 Vine Trust and its trustee Positive Energy Holdings LLC by special warranty deed dated October 27, 2014, Doc. 1-5, and recorded October 27, 2014, in Book R7645, Pages 827–829, Doc. 20-2 at ¶ 9; and (*iii*) from Hassie-Demond Knowlin "c/o" 1416 Vine Trust to Kristyn D. Bailey by special warranty deed signed November 20, 2017, Doc. 1-4, and recorded on November 22, 2017, in Book R7997, Pages 2465–2466. Doc. 20-2 at ¶ 10. The Government also seeks to quiet title for this same property against 1416 Vine Trust and Ms. Bailey. Doc. 1 at ¶¶ 52–58.

Neither Mr. Flythe nor defendants The 1416 Vine Trust and The Ameridream Team 1, LLC, have appeared in or defended this action. The Government has provided proof of sufficient service on Mr. Flythe by certified mail, *see* Doc. 8, on The 1416 Vine Trust by certified mail after service on the registered agent failed, *see* Doc. 13, and on The Ameridream Team 1, LLC, by certified mail to the North Carolina Secretary of State, *see* Doc. 11, all in compliance with Rule 4 of the Federal Rules of Civil Procedure. Mr. Nowlin and Ms. Bailey have both responded to the Complaint with general denials of its allegations, *see* Docs. 5, 6, but have not otherwise submitted any evidence in response to the Government's motion for summary judgment.

The undisputed facts show that the various transfers of the property at 701 S. O'Henry Blvd. were all fraudulent and are subject to being voided as fraudulent conveyances under both federal and North Carolina law. 28 U.S.C. § 3304(b); N.C. Gen. Stat. § 39-23.4. Mr. Nowlin and Mr. Flythe did not receive a reasonably equivalent value in exchange for these transfers while they were engaged or about to be engaged in a business or a transaction for which their remaining assets were unreasonably small in

3

relation to the business or transaction or while they intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due. *See* Doc. 1 at ¶ 41 (as to Flythe);[1] Doc. 20-2 at ¶¶ 12–13; Doc. 20-4 at 5, 11 (Bailey disc.); Doc. 20-5 at 26, 29 (Bailey dep.). As a result of these transfers, Mr. Nowlin and Mr. Flythe became insolvent. *See* Doc. 1 at ¶ 42 (as to Flythe); Doc. 20-2 at ¶ 14 (Jones decl.); Doc. 20-4 at 5 (Bailey disc.). After the transfers, Mr. Nowlin retained control of the properties. *See* Doc. 1 at ¶ 42 (as to Flythe); Doc. 20-2 at ¶ 12 (Jones decl.); Doc. 20-5 at 22 (Bailey dep.). These transfers impaired and continue to impair the rights of the United States in that Mr. Nowlin and Mr. Flythe are now insolvent and have no money or property out of which their restitution debts can be satisfied. *See* Doc. 1 at ¶ 42 (as to Flythe); Doc. 20-2 at ¶ 14 (Jones decl.).

While neither Mr. Nowlin nor Ms. Bailey responded to the summary judgment motion, each filed an answer challenging the standing of the United States to obtain the relief sought. *See* Docs. 5, 6. Under the case-or-controversy requirement of Article III, a plaintiff must have standing for a district court to assume subject matter jurisdiction over his claims. *See Sprint Commc'ns. Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). To the extent Mr. Nowlin and Ms. Bailey challenge the Court's subject matter jurisdiction, this contention is without merit. The undisputed evidence establishes that a money judgment for restitution has been entered in favor of the United States and against

---

[1] As Mr. Flythe, The 1416 Vine Trust, and The Ameridream Team 1, LLC, have not denied any allegations in the Complaint, these allegations are deemed admitted as to all facts other than those relating to the amount of damages. *See* Fed. R. Civ. Proc. 8(b)(6).

4

Mr. Nowlin and that Mr. Nowlin has not paid the money he owes.  Thus, the United States has suffered a concrete and particularized injury as the creditor to Mr. Nowlin, this injury was caused by the defendants' conduct, and the Court may redress this injury by granting the relief sought.  *See id.*

For the foregoing reasons, it is **ORDERED** that:

1. The plaintiff's motion for default judgment as to defendants Marvin L. Flythe, The 1416 Vine Trust, and the Ameridream Team 1, LLC, Doc. 17, is **GRANTED.**

2. The plaintiff's motion for summary judgment, Doc. 19, as to defendants Hassie Demond Nowlin and Kristyn D. Bailey is **GRANTED**.

3. Judgment will be entered concomitantly herewith

This the 15th day of January, 2019.

_____
UNITED STATES DISTRICT JUDGE